IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AARON L. SMITH, #48412, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 21-cv-00069-JPG |
| | ) |
| GRANITE CITY POLICE DEPT., | ) |
| MICHELLE RALLS, | ) |
| and ERIC WILSON, | ) |
| | ) |
|     Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Aaron Smith, a detainee at Madison County Jail ("Jail"), brings this action pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiff claims that he was stabbed multiple times by the boyfriend (Eric Wilson) of his then live-in girlfriend (Michelle Ralls) when he attempted to enter his own residence on November 29, 2019. (Doc. 1, pp. 1-22). Plaintiff contacted Granite City Police Department to report multiple stab wounds. (*Id*. at 2, 7, 9-20). Granite City officers then wrongfully arrested Plaintiff for home invasion based on false statements made by Wilson and Ralls. (*Id*. at 7). Plaintiff brings suit against Wilson, Ralls, and Granite City Police Department for an unlawful arrest, unlawful seizure, false imprisonment, malicious prosecution, slander, denial of due process, and deliberate indifference in violation of his rights under the First, Second, Fourth, Fifth, Sixth, Eighth, Twelfth, and Fourteenth Amendments. (*Id*.). He seeks money damages. (*Id*. at 8).

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to

1

filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a).  Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).  The allegations are liberally construed in favor of the *pro se* plaintiff at this stage. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## Discussion

Plaintiff has named three defendants in this action: Eric Wilson, Michelle Ralls, and Granite City Police Department.  The Complaint fails to state a claim for relief against any of them. For the reasons discussed below, the  Complaint shall be dismissed.

First, Plaintiff cannot pursue relief against Wilson and Ralls under 42 U.S.C. § 1983. Section 1983 provides a federal remedy against state actors who deprive others of the rights secured by the federal Constitution and laws. *Siler v. City of Kenosha*, 957 F.3d 751, 758 (7th Cir. 2020) (citing *Weinmann v. McClone*, 787 F.3d 444, 447 (7th Cir. 2015)).  Like Plaintiff, Wilson and Ralls are private citizens, not state actors.  Section 1983 does not extend to disputes involving only private citizens. *Barnes v. City of Centralia, Ill.*, 943 F.3d 826, 831 (7th Cir. 2019) (citations omitted).  Accordingly, Wilson and Ralls shall be dismissed without prejudice from this action.

Second, Plaintiff cannot pursue relief against the "arresting officers."  He names this group in the case caption of the Complaint.  However, Plaintiff sets forth no allegations against them in the statement of his claim.  Naming a nebulous group of defendants in the case caption is not enough to state a claim against them. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) (merely naming a defendant in the caption is insufficient to state a claim).  To be liable under Section 1983, "an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted).  Therefore, Plaintiff

must identify each individual defendant by name, specifically, or using some other designation, generically (*e.g.*, C/O John Doe 1, C/O Jane Doe 1, *etc.*). He must also set forth allegations in the statement of his claim describing what each individual did to violate his rights. Merely mentioning "arresting officers" in the case caption is not enough to bring a claim against this entire group. Accordingly, all claims against this group shall be considered dismissed without prejudice.

Finally, Plaintiff cannot pursue his claim against Granite City Police Department. (Doc. 1, p. 2). Plaintiff seeks to hold the municipality liable for his constitutional injuries. However, municipalities "do not face *respondeat superior* liability under Section 1983 for the misdeeds of employees or other agents." *Flores v. City of South Bend*, 997 F.3d 725, 731 (7th Cir. 2021). Municipal liability typically arises from the execution of a government policy or custom that causes a constitutional violation. *See Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690, 694 (1978). Plaintiff identifies no policy or custom that caused his injuries and is attributable to the police department or municipality.

He instead refers to the police department's failure to train its officers on proper review of evidence when making probable cause determinations. (Doc. 1, p. 7). Where a municipality's failure to train its employees amounts to deliberate indifference to the rights of its inhabitants, inadequate training may result in municipal liability under Section 1983. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 390-91 (1989). In this context, liability arises where a municipality follows a training program "that they know or should know has failed to prevent tortious conduct by employees" thereby demonstrating deliberate indifference to a known risk. *Board of County Commissioners of Bryan County v. Brown*, 520 U.S. 397 (1997).

Plaintiff maintains that the municipality's inadequate training caused his constitutional injuries. (Doc. 1, p. 7). However, he relies on conclusory allegations to support his claim. Beyond

asserting that the City's failure to train officers on proper review of evidence, Plaintiff offers no other allegations that draw any connection between the inadequacy in training and the violation of his rights. He does not suggest that the City's failure amounted to deliberate indifference. He does not describe a pattern of constitutional deprivations or even a single deprivation that was likely to recur in the absence of additional training by the municipality. Accordingly, the failure-to-train claim against Granite City Police Department shall be dismissed without prejudice for failure to state a claim.

The Complaint does not survive Section 1915A review and shall be dismissed without prejudice. If Plaintiff would like to pursue any claims in this action, he must file a First Amended Complaint. When doing so, he is bound by the deadlines and instructions set forth in the below disposition.

## Disposition

**IT IS ORDERED** that the Complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

Plaintiff is **GRANTED** leave to file a First Amended Complaint on or before **August 31, 2021**. Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering it void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court

will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. He should also list this case number on the first page (*i.e.*, Case No. 21-cv-0069-JPG). The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

The Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form for use in preparing the First Amended Complaint.

**IT IS SO ORDERED.**

**DATED: 8/3/2021**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**
