IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AARON L. SMITH, #48412, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 21-cv-00069-JPG |
| | ) |
| GRANITE CITY POLICE DEPT., | ) |
| | ) |
|        Defendant. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

      This matter is before the Court for preliminary review of a First Amended Complaint filed by Plaintiff Aaron Smith on September 1, 2021. (Doc. 1). Plaintiff claims that he was placed on a 72-hour hold by Granite City Police Department, after he called 911 to report his own stabbing at his home by his girlfriend's ex-husband. (*Id*. at 6). After being released from the hold, Plaintiff was harassed by his girlfriend, Michelle Ralls, who then lied and pressed charges against him. (*Id*.). He requests a "settlement that fit[s] the situation." (*Id*. at 7).

      The First Amended Complaint is subject to screening pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). The allegations are liberally construed in favor of the *pro se* plaintiff at this stage. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

**Discussion**

Plaintiff brings this action against Granite City Police Department under 42 U.S.C. § 1983, 28 U.S.C. § 1331, and the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-2680. However, he cannot proceed with his claims under any of these statutes. The First Amended Complaint shall therefore be dismissed.

Section 1983 provides a federal remedy against state actors who deprive others of the rights secured by the federal Constitution and laws. *Siler v. City of Kenosha*, 957 F.3d 751, 758 (7th Cir. 2020) (citing *Weinmann v. McClone*, 787 F.3d 444, 447 (7th Cir. 2015)). Granite City Police Department, the only defendant named in this action, is not a "person" or "state actor" subject to suit under 42 U.S.C. § 1983. Plaintiff's designation of this defendant may represent an attempt to hold the municipality, *i.e.*, Granite City, liable for his injuries. *See Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690, 694 (1978). However, municipal liability under Section 1983 arises from the execution of a government policy or custom that causes a constitutional injury, and Plaintiff points to no such policy or custom. Given this, the First Amended Complaint states no claim for relief against Granite City Police Department under Section 1983.

Section 1331 provides a vehicle for bringing certain constitutional claims for money damages against federal agents. *See Bivens v. Six Unknown Named Agents of Fed'l Bureau of Narcotics*, 403 U.S. 388 (1971). However, Granite City Police Department is not a federal agent. And, Plaintiff has set forth no allegations suggesting that he is entitled to the limited damages remedy offered under *Bivens*. The First Amended Complaint thus fails to state any claim for relief under Section 1331.

The Federal Tort Claims Act ("FTCA") offers no avenue to relief. The FTCA provides jurisdiction for suits against the United States for torts committed by federal officers. 28 U.S.C.

§ 1346(b)(1).  The "only proper defendant in an FTCA action is the United States."  *Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008); *Hughes v. United States*, 701 F.2d 56, 58 (7th Cir. 1982); 28 U.S.C. § 2679(b).  Plaintiff does not list the United States as a defendant.  He also fails to state any claim for relief under this authority.

The First Amended Complaint does not survive Section 1915A review and shall be dismissed without prejudice.  If Plaintiff would like to pursue any claims in this action, he will have one final opportunity to do so.  If he decides to file a Second Amended Complaint, Plaintiff must comply with the deadlines and instructions set forth in the below disposition.

## Disposition

**IT IS ORDERED** that the First Amended Complaint (Doc. 11) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

Plaintiff is **GRANTED** leave to file a Second Amended Complaint on or before **December 8, 2021**.  Should Plaintiff fail to file his Second Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims.  FED. R. CIV. P. 41(b).  *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).  The dismissal shall count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering it void. *See Flannery v.  Recording Indus.  Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir.  2004).  The Court will not accept piecemeal amendments to the original Complaint.  Thus, the Second Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the Second Amended Complaint.

He should also list this case number on the first page (*i.e.*, Case No. 21-cv-0069-JPG). The Second Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff elects to file a Second Amended Complaint.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

The Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form for use in preparing the Second Amended Complaint.

    **IT IS SO ORDERED.**

    **DATED: 11/10/2021**

    s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**